RENDERED: JULY 17, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0908-MR

MARY KATHRYN CARUTHERS,
EXECUTRIX OF THE ESTATE OF
MARY ANN MITCHELL                                    APPELLANT


APPEAL FROM DAVIESS CIRCUIT COURT
v.        HONORABLE JOSEPH W. CASTLEN, III, SPECIAL JUDGE
ACTION NO. 21-CI-00797


KENNETH R. LANHAM; BRANTLEY
LLC; AND DEBORAH LANHAM                              APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, ECKERLE, AND MOYNAHAN, JUDGES.

CETRULO, JUDGE: This appeal is from a summary judgment of the Daviess

Circuit Court in a quiet title action. After review, we affirm the grant of summary

judgment in this case.

# BACKGROUND

Kenneth and Deborah Lanham (the "Lanhams") bought a tract of land (the "Property") from Kenneth's parents on February 4, 2005. According to the Daviess County Property Valuation Office, the Property contains approximately 57.30 acres. Kenneth's parents, John Lanham and Wanda Lanham, had previously acquired the property on July 1, 1985. All predecessors in title to the Property utilized the same property description dating back to March 1914.

In 1886, J.B. Aud and H.T. Aud (the "Aud Brothers") acquired the Property at issue, and their deed contained the correct property description.[1] Following their death, the executors of the Aud Brothers' estates conveyed the Property to Lillie Morris, but that deed utilized the incorrect legal description to transfer title. That error continued in every subsequent transfer and was in every deed of record since 1914.[2]

When the Lanhams bought the Property in 2005, they took over paying taxes as Kenneth's parents had before him, established boundaries, and excluded trespassers. The Lanhams believed they were the true and lawful owners of the Property. It was only after surveying the Property in 2020, that the Lanhams

---

[1] In addition to the Property, the Aud Brothers owned multiple tracts of land in Daviess County, Kentucky.

[2] These facts are based upon the Lanhams' pleadings and brief. Appellant did not contest these allegations nor provide any contrary explanation for the incorrect legal description.

discovered the issue with the property description. They then contacted all adjoining landowners, who consented to the boundary lines of the property in the survey and acknowledged the Lanhams to be the lawful owners of the property. In August 2021, the Lanhams filed a petition to quiet title and establish boundary lines.

The initiating document set forth the correct plat obtained as a result of the survey and outlined all of their investigations and searches of property records to determine potential interested parties. Attached to the petition were waivers of all adjoining property owners. The petition also set forth the various transfers of the property with legal descriptions and recordings dating back more than 100 years. The Lanhams sought a warning order attorney ("WOA") to provide notice of the pending action to any unknown heirs of the Aud Brothers. No heirs came forward in response to the efforts of the WOA.

The Lanhams continued to search the records of the county clerk's office and ultimately identified only two living descendants (great-grandchildren) of the Aud Brothers. One, Henry Pardon, waived any claim and acknowledged the Lanhams to be the rightful owners. The other heir was Mary Ann Mitchell ("Mitchell").[3]

---

[3] Since the filing of this appeal, Ms. Mitchell has passed away. The executrix of her estate has been substituted as the proper party to the appeal. However, we will continue to refer to the appellant as Mitchell.

In January 2025, an attorney entered an appearance on behalf of Mitchell, but did not deny, aver, or otherwise plead in response to the petition to quiet title. From our review of the record, it appears no other pleadings were filed on Mitchell's behalf from 2021 to 2025. On May 14, 2025, the Lanhams filed for summary judgment supported by an affidavit asserting that they had filed this action in 2021 and that all other interested parties had waived any interest and acknowledged the Lanhams as the true and lawful owners of the Property. Only Mitchell had yet to sign a waiver or assert any interest in the Property, despite her entry of appearance.

Alternatively, the Lanhams argued that they had acquired ownership through adverse possession, asserting that they and their predecessors in title had been in open, continuous, exclusive, and actual possession under claim of right for more than 100 years.

Mitchell responded with an objection to summary judgment, asserting that she was first contacted about this matter in November 2021. She asserted therein for the first time that, based on the documents filed by the Lanhams and the records of the county clerk's office, she believed she had a vested ownership interest in the Property as an heir to the Aud Brothers. She argued that since the Property's deed lacked the proper description, the transfer never actually occurred,

-4-

and she was left with an interest in the Property as either a co-tenant or tenant in common with the Lanhams. The circuit court disagreed.

On June 18, 2025, following a hearing, the circuit court ruled as a matter of law that the Lanhams were the true and rightful owners of the Property. The circuit court found that it was clear from the evidence of record that the Aud Brothers through their respective estates had intended to convey and transfer the Property. They had received valuable consideration as stated in the deed conveying the property to Lillie Morris in 1914. The court further noted "[e]very subsequent deed in the chain of title from Lillie Morris to the [Lanhams] utilized this incorrect Property description. *But, what is clear is that each subsequent owner exclusively controlled all aspects of the Property*." (Emphasis added.) To that end, the court held that the Lanhams and their predecessors in title satisfied the elements for adverse possession in excess of the 15-year statutory period.

The court also observed that, save for Mitchell, no one came forward to assert a claim to the Property. As to Mitchell's claim of concurrent ownership, the court disagreed and held that she did not possess any rights to the Property by virtue of a scrivener's error or mistake made over a century ago. The court further found that the error occurred in the property description utilized by the Aud Brothers' estates and that this scrivener error should not result in Mitchell possessing any rights in the Property. Mitchell appealed.

-5-

For her arguments to this Court, Mitchell asserts that a defective deed cannot convey title and that the circuit court erred by inferring intent to convey where the deed failed as a matter of law. Secondly, she claims that the Lanhams cannot succeed on the basis of adverse possession as they did not demonstrate "ouster" of her as a tenant in common.

## STANDARD OF REVIEW

Appellate review of a summary judgment addresses only questions of law; thus, our review is *de novo*. *Culp v. SI Select Basketball*, 663 S.W.3d 451, 453 (Ky. App. 2023) (citing *Brown v. Griffin*, 505 S.W.3d 777, 781 (Ky. App. 2016)). The standard of review upon appeal of an order granting summary judgment is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996) (citing CR[4] 56.03). The party moving for summary judgment must establish that there is no genuine issue of material fact. *Lewis v. B&R Corp.*, 56 S.W.3d 432, 436 (Ky. App. 2001) (quoting *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 482 (Ky. 1991)). "[T]he party opposing summary judgment 'cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must present affirmative evidence in order to defeat a properly supported motion

---

[4] Kentucky Rule of Civil Procedure.

for summary judgment.'" *O'Bryan v. Cave*, 202 S.W.3d 585, 587 (Ky. 2006)

(quoting *Steelvest*, 807 S.W.2d at 481). The circuit court "must examine the

evidence, not to decide any issue of fact, but to discover if a real issue exists."

*Steelvest*, 807 S.W.2d at 480.

## ANALYSIS

An action to quiet title is authorized by KRS[5] 411.120:

> Any person having both the legal title and possession of land may prosecute suit, by petition in equity, in the circuit court of the county where the land or some part of it lies, against any other person setting up a claim to it. If the plaintiff establishes his title to the land the court shall order the defendant to release his claim to it . . . .

The plaintiff may prove his claim by record title or adverse

possession. *White Log Jellico Coal Co., Inc. v. Zipp*, 32 S.W.3d 92, 96 (Ky. App.

2000) (quoting *Gabbard v. Lunsford*, 215 S.W.2d 985, 986 (Ky. 1948)). To

establish a claim based on adverse possession;

> [T]he claimant must demonstrate by clear and convincing evidence "possession of disputed property under a claim of right that is hostile to the title owner[']s interest. The possession must be shown to be actual, open and notorious, exclusive, and continuous for a period of fifteen years." To constitute "open and notorious" possession, the possessor must "'openly evince a purpose to hold dominion over the property with such hostility that will give the non-possessory owner notice of the adverse claim.'"

---

[5] Kentucky Revised Statute.

*Vick v. Elliot*, 422 S.W.3d 277, 279-80 (Ky. App. 2013) (quoting *Phillips v. Akers*, 103 S.W.3d 705, 708 (Ky. App. 2002) (citation omitted)). In *Elsea v. Day*, this Court observed that "[o]ne may obtain a perfect title to real property by adverse possession for the statutory period of time of fifteen years even when there is no intention by the adverse possessor to claim land not belonging to him. KRS 413.010." 448 S.W.3d 259, 264 (Ky. App. 2014) (quoting *Appalachian Reg'l Healthcare, Inc. v. Royal Crown Bottling Co.*, 824 S.W.2d 878, 879-80 (Ky. 1992)). Relying on Kentucky precedent from 1955, this Court further noted that "[a]dverse possession, even when held by mistake, may ripen into a prescriptive right after 15 years of such possession." *Id.* (quoting *Tartar v. Tucker*, 280 S.W.2d 150, 152 (Ky. 1955)).

In the matter before us, the circuit court did not err by holding that there were no genuine issues of material fact in dispute and granting the Lanhams' motion for summary judgment. In her affidavit submitted with her response objecting to summary judgment, Mitchell acknowledged that she became aware of the Lanhams' action to quiet title in November 2021 and only in 2025 indicated her desire to assert an interest in the Property. Prior to November 2021, there was no evidence that Mitchell or any predecessor in title ever expressed such interest, took steps to assert a claim, or was even aware of a potential property right. Moreover, Mitchell had ample time from her initial discovery of the suit in 2021 to

the summary judgment proceeding in 2025 to present evidence raising some issue of disputed fact. She failed to do so. The Lanhams, as the moving party, bore the initial burden of showing that no genuine issue of material fact exists and then the burden shifted to Mitchell as the opposing party to present at least some affirmative evidence supporting her claim. *Lewis*, 56 S.W.3d at 436.

There was no dispute that the Lanhams were in actual possession of the Property, and such possession was open, notorious, exclusive, and continuous. The Lanhams utilized the Property for farming and hunting, enforced its boundaries, and excluded trespassers from it. The Lanhams paid the property taxes since taking possession in 2005.[6] Moreover, the Lanhams established that their predecessors in title likewise exclusively maintained actual possession of the Property. Finally, all of the adjoining landowners recognized the Lanhams as the Property's owners.

We likewise take no issue with the circuit court's conclusion that Mitchell did not possess any rights as to the Property. The court held that the evidence supported the contention that the executors of the Aud Brothers' estates intended to convey the Property and received valuable consideration from Lillie Morris. "When [a] question is raised as to the intention of the parties to a deed the

---

[6] *See Sweeten v. Sartin*, 256 S.W.2d 524, 526 (Ky. 1953) (holding that payment of taxes is not sufficient by itself to demonstrate intent but does strengthen possessor's claim that she believed the property to be hers).

instrument must be looked to as a whole, along with the circumstances surrounding its execution, and courts may also consider the acts of the parties following the conveyance." *Chaney v. Chaney*, 189 S.W.2d 268, 269 (Ky. 1945). As mentioned previously, the court concluded that the property description in the 1914 deed amounted to a scrivener error or mistake. When the mistake was discovered in 2020, the Lanhams promptly acted in an abundance of caution and instituted their action to quiet title. That Lillie Morris and subsequent purchasers, including the Lanhams, claimed and maintained exclusive possession of the Property without challenge *for over a century* speaks louder than Mitchell's unsupported claim of cotenancy.

Given these findings, the circuit court took appropriate action in reforming the deed.

> It has long been the law in Kentucky that deeds may be reformed to reflect the intentions of the parties thereto when it is shown that mutual mistake frustrated those intentions. "That courts for a mistake of the scrivener or through mutual mistake of the parties will reform deeds so as to eliminate property not intended to be conveyed or to include property which was omitted but intended to be conveyed, is thoroughly settled[.]"

*Harms v. Chase Home Fin., LLC*, 552 S.W.3d 516, 520 (Ky. App. 2018) (quoting *Whitt v. Proctor*, 204 S.W.2d 582, 583 (Ky. 1947)).

-10-

**CONCLUSION**

For the foregoing reasons, the June 18, 2025 order of the Daviess

Circuit Court granting summary judgment in the Lanhams' favor is AFFIRMED.


ALL CONCUR.


BRIEF FOR APPELLANT:

Matthew C. Tierney
Owensboro, Kentucky

BRIEF FOR APPELLEES
KENNETH LANHAM AND
DEBORAH LANHAM:

John David Meyer
Owensboro, Kentucky